IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JENSEN,<br>    Plaintiff,<br>  v.<br>JUDGE HANNAH L. BLUMENSTIEL, U.S. Bankruptcy Court, Northern District of California, et al.,<br>    Defendants. | Case No. 18-cv-04114-MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 18 |

Before the Court is plaintiff Tom Jensen's "Ex Parte Application for Temporary Restraining Order," filed July 24, 2018. Having read and considered the application, the Court hereby rules as follows.

In the operative complaint, the First Amended Complaint ("FAC") filed July 16, 2018, plaintiff alleges that, on June 7, 2018, he "attended the scheduled hearings in Courtroom 19" of the United States Bankruptcy Court, Northern District of California, "for the specific purpose of attending the 'Status Conference' [in] In re Schwartz, Case No. 18-00302, a disciplinary proceeding against Donald C. Schwartz." (See FAC ¶ 8.) According to plaintiff, when the matter was called, Bankruptcy Judge Hannah L. Blumenstiel "stated that the hearing was not open to the public" and ordered plaintiff to leave, "citing Civil Local Rule 11-6" (see FAC ¶ 15), after which plaintiff "left the courtroom" (see FAC ¶ 16).

Based on the above allegations, plaintiff alleges two claims against Judge

Blumenstiel.[1] In Claim 1, he seeks a declaration that the "secrecy provisions" of Civil Local Rule 11-6 are unconstitutional,[2] and that Judge Blumenstiel deprived him of his First and Fifth Amendment "rights to access to the courts and to information of public concern" by ordering that he leave the courtroom. (See FAC ¶¶ 21, 26.) In Claim 2, he seeks injunctive relief, specifically, an injunction requiring Judge Blumenstiel to make public "the hearings, filings, and transcripts of the In re Schwartz disciplinary proceeding." (See FAC ¶ 29.)

By the instant application for a temporary restraining order, plaintiff seeks an order prohibiting Judge Blumenstiel from "barring [p]laintiff and the [p]ublic" from the above-referenced disciplinary proceeding and from "secreting the transcripts and filed documents" in said proceeding. (See Pl.'s Application at 1:26-28.) "Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." See Quiroga v. Chen, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. In the alternative, a plaintiff may establish, rather than a likelihood of success on the merits, "that serious questions going to the merits [are] raised," provided such plaintiff also establishes "a balance of hardships that tips sharply toward the plaintiff," a likelihood of

---

[1] The FAC alleges, against two other defendants, a third claim. As plaintiff does not seek a restraining order against those defendants, the Court does not address herein the claim alleged against them.

[2] Pursuant to Civil Local Rule 11-6(e)(5), when a "civil case under [Rule 11-6] is assigned" to a Judge, "[t]he entire case shall be maintained under seal and court proceedings shall be closed to the public unless, upon written motion from either the [Northern District's] Standing Committee [on Professional Conduct] or the respondent attorney, the Judge determines that the interests of justice would best be served by opening all or part of the proceedings to the public." See Civil L.R. 11-6(e)(5).

2

irreparable harm, and that the injunction is in the public interest. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A "serious question" is "one as to which the moving party has a fair chance of success on the merits." See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984) (internal quotation and citation omitted).

In this instance, plaintiff has failed to show a likelihood of success on the merits of the claims alleged against Judge Blumenstiel in the instant action, or, alternatively, that a serious question exists, and, consequently, has failed to show his entitlement to a restraining order. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (holding "injunction should not issue" where moving party "shows no chance of success on the merits").

In particular, where, as here, a plaintiff alleges that a bankruptcy judge, while acting under color of federal law, has deprived him of a constitutional right, such as the First Amendment right of "access to the courts," the complaint is "characterized as alleging direct constitutional tort claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir. 1987). Where, however, such plaintiff, again as here, bases his Bivens claim on a bankruptcy judge's ruling made in the course of a judicial proceeding, the bankruptcy judge is entitled to "absolute judicial immunity," see id. at 1388-89, and such immunity applies to claims for damages as well as claims for "declaratory and injunctive relief," see id. at 1394.[3]

//

---

[3] Although a litigant who, as here, asserts that a federal judge has deprived him of a constitutional right during the course of a court proceeding may not bring a Bivens action to challenge such asserted deprivation, the litigant may seek review by following the "carefully structured procedures" created by Congress, which include "petitioning for [an] extraordinary writ[ ]." See id. at 1394; see, e.g., Phoenix Newspapers, Inc. v. U.S. District Court, 156 F. 3d 940 (1998) (considering merits of petition for writ of mandamus filed by members of press who sought access to sealed transcripts of hearings conducted during course of federal case).

Accordingly, plaintiff's application for a temporary restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 25, 2018

MAXINE M. CHESNEY
United States District Judge