IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOM JENSEN,

    Plaintiff,

    v.

JUDGE HANNAH L. BLUMENSTIEL,
U.S. Bankruptcy Court, Northern District
of California, et al.,

    Defendants.

Case No. 18-cv-04114-MMC

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 25

    The Court is in receipt of plaintiff Tom Jensen's "Request for Leave to File Motion for Reconsideration," filed July 30, 2018 (hereinafter, "Request"), along with an attached "[proposed] Motion for Reconsideration." Having read and considered plaintiff's Request and proposed motion, the Court rules as follows.

    By order filed July 25, 2018, the Court denied plaintiff's application for a temporary restraining order, by which application plaintiff sought an order prohibiting Bankruptcy Judge Hannah L. Blumenstiel from "barring [p]laintiff and the [p]ublic" from judicial proceedings conducted in a disciplinary matter titled In re Schwartz and from "secreting the transcripts and filed documents" in said proceeding. (See Pl.'s Application at 1:26-28.) The Court denied the application, finding Bankruptcy Judge Blumenstiel was entitled to absolute judicial immunity. In his Request, plaintiff alleges he is entitled to reconsideration.

    Civil Local Rule 7-9 provides that a party seeking leave to file a motion for reconsideration must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the

exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L. R. 7-9(b).

Here, plaintiff asserts he is entitled to reconsideration under the third of said grounds. Specifically, plaintiff argues, the Court failed to consider his argument that Bankruptcy Judge Blumenstiel's order closing the above-referenced proceedings was not in comformity with governing law. As set forth in the Court's order of July 25, however, Judge Blumenstiel is entitled to judicial immunity.[1] In light thereof, the propriety of the challenged order was neither relevant nor material. See Stump v. Sparkman, 435 U.S. 349, 359 (1978) (holding "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors").[2]

Accordingly, plaintiff's Request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 31, 2018

MAXINE M. CHESNEY
United States District Judge

---

[1] To the extent plaintiff, in his proposed motion for reconsideration, contends federal judges should not be immune from claims for injunctive relief, the Court is foreclosed from considering such argument, as the Ninth Circuit has concluded that absolute judicial immunity bars such claims where, as here, the claim is based on a judicial ruling. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987); see also Mohamed v. Uber Technologies, Inc., 848 F.3d 1201, 1221 (9th Cir. 2016) (holding "[a] district court does not have the authority to ignore circuit court precedent").

[2] As noted in the July 25 order, a litigant may obtain judicial review of a court order by following the "carefully structured procedures" created by Congress, which include "petitioning for [an] extraordinary writ[ ]." See Mullis, 828 F.2d at 1394.

2