IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM JENSEN,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE HANNAH L. BLUMENSTIEL,<br>U.S. Bankruptcy Court, Northern District of California, et al.,<br><br>    Defendants. | Case No. 18-cv-04114-MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED WITHOUT LEAVE TO AMEND** |

Before the Court is plaintiff's First Amended Complaint ("FAC"), filed July 16, 2018. The Court having read and considered the FAC, finds it appropriate, for the reasons stated below, to direct plaintiff to show cause why the FAC should not be dismissed without leave to amend. See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding district court may "act on its own initiative to note the inadequacy of a complaint and dismiss it," after first affording plaintiff an opportunity to respond).

**BACKGROUND**

In the FAC, plaintiff alleges that, on June 7, 2018, he "attended the scheduled hearings in Courtroom 19" of the United States Bankruptcy Court, Northern District of California, "for the specific purpose of attending the 'Status Conference' [in] In re Schwartz, Case No. 18-00302, a disciplinary proceeding against Donald C. Schwartz [Schwartz]." (See FAC ¶ 8.) According to plaintiff, when the matter was called, Bankruptcy Judge Hannah L. Blumenstiel "stated that the hearing was not open to the public" and ordered plaintiff to leave, "citing Civil Local Rule 11-6" (see FAC ¶ 15), after which plaintiff "left the courtroom" (see FAC ¶ 16).

Plaintiff further alleges that, on June 1, 2018, he "personally delivered" to the Clerk

1  of Court two letters (see FAC ¶ 18), one addressed to the "Chairman[,] Standing
2  Committee on Professional Conduct" and the other to "Judge James Donato[,] Discipline
3  Liaison Judge" (see FAC Ex. A, attachments 1, 2),[1] in each of which he made a
4  "complaint of attorney misconduct" based on his assertion that attorneys, to whom he
5  refers as "Redwood's attorneys," made "false statements" to a bankruptcy judge in the
6  course of a bankruptcy proceeding identified by plaintiff as In re Jackson. (See id.; see
7  also FAC ¶¶ 9-10, 33.) Plaintiff alleges he has "not received a response from either
8  [District Judge] Donato or the Standing Committee." (See FAC ¶ 19.)

Based on the above allegations, plaintiff's FAC asserts three claims. In Claim 1, asserted against Bankruptcy Judge Blumenstiel only, plaintiff seeks a declaration that the "secrecy provisions" of Civil Local Rule 11-6 are unconstitutional[2] and that Bankruptcy Judge Blumenstiel deprived him of his First and Fifth Amendment "rights to access to the courts and to information of public concern" by ordering that he leave the courtroom. (See FAC ¶¶ 21, 26.) In Claim 2, also asserted only against Bankruptcy Judge Blumenstiel, plaintiff seeks injunctive relief, specifically, an injunction requiring Bankruptcy Judge Blumenstiel to make public "the hearings, filings, and transcripts of the In re Schwartz disciplinary proceeding." (See FAC ¶ 29.) In Claim 3, asserted against both District Judge Donato and Miles Ehrlich, whom plaintiff alleges is the Chairman of

---

[1] Pursuant to Civil Local Rule 11-6, "a Judge [that] has cause to believe that an attorney has engaged in unprofessional conduct" may "[r]efer the matter to the Court's Standing Committee on Professional Conduct" (hereinafter, "Standing Committee"), see Civil L.R. 11-6(a), which consists of "a minimum of 7 and maximum of 11 members," all of whom are appointed by the District Court and all of whom "must be members in good standing of the bar who practice regularly in this [district]," see Civil L.R. 11-6(c). Rule 11-6 further provides that the Chief Judge of this district "shall appoint a District Judge to oversee the administration of [Civil Local Rule 11-6] and to serve as liaison to the Standing Committee." See Civil L.R. 11-6(d).

[2] Pursuant to Civil Local Rule 11-6, when a "civil case under [Rule 11-6] is assigned" to a Judge, "[t]he entire case shall be maintained under seal and court proceedings shall be closed to the public unless, upon written motion from either the Standing Committee or the respondent attorney, the Judge determines that the interests of justice would best be served by opening all or part of the proceedings to the public." See Civil L.R. 11-6(e)(5).

2

1  the Standing Committee, plaintiff contends the alleged failure to respond to his
2  "complaints of attorney misconduct" has deprived him of his constitutional right to
3  "petition" the government (see FAC ¶ 31); he seeks an injunction "mandating that the
4  Standing Committee . . . accept and consider in good faith the complaint of attorney
5  misconduct submitted by [p]laintiff" (see FAC ¶ 35).

**DISCUSSION**

The Court sets forth below its reasoning as to why each such claim fails to state a cognizable claim for relief.

**A. Claims 1 and 2**

As noted, plaintiff claims he is entitled to declaratory relief and injunctive relief, based on his allegation that Bankruptcy Judge Blumenstiel, by closing to the public the proceedings in the above-referenced disciplinary matter, deprived plaintiff of his right to access to the courts.

As the Court explained in its order of July 25, 2018, by which it denied plaintiff's application for a temporary restraining order, Bankruptcy Judge Blumenstiel is entitled to absolute judicial immunity. In particular:

> [W]here, as here, a plaintiff alleges that a bankruptcy judge, while acting under color of federal law, has deprived him of a constitutional right, such as the First Amendment right of "access to the courts," the complaint is "characterized as alleging direct constitutional tort claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir. 1987). Where, however, such plaintiff, again as here, bases his Bivens claim on a bankruptcy judge's ruling made in the course of a judicial proceeding, the bankruptcy judge is entitled to "absolute judicial immunity," see id. at 1388-89, and such immunity applies to claims for damages as well as claims for "declaratory and injunctive relief," see id. at 1394.

(See Order, filed July 25, 2018, at 3:12-21.)[3]

---

[3] As further explained in its July 25 order, a litigant who seeks judicial review of an order closing a court proceeding to the public must follow the "carefully structured procedures" created by Congress, which include "petitioning for [an] extraordinary writ[ ]." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987); see, e.g., Phoenix Newspapers, Inc. v. U.S. District Court, 156 F. 3d 940 (1998) (considering merits of petition for writ of mandamus filed by members of press who sought access to sealed transcripts of hearings conducted during course of federal case).

3

Accordingly, plaintiff will be directed to show cause why Claims 1 and 2 should not be dismissed without leave to amend.

**B. Claim 3**

As noted, plaintiff alleges that the failure of the Standing Committee and/or District Judge Donato to respond to his complaint of attorney misconduct has deprived him of his constitutional rights. Specifically, plaintiff alleges, such asserted failure constitutes a deprivation of his right under the "1st Amendment petition clause to present such complaints." (See FAC ¶ 31.)[4]

"Before [a court] can consider the merits of [a plaintiff's] claim or the propriety of the relief requested," the plaintiff "must first demonstrate that [he] is entitled to invoke the judicial process." Linda R.S. v. Richard D., 410 U.S. 614, 618 (1973). Specifically, the plaintiff must "show that the facts alleged present the court with a 'case or controversy' in the constitutional sense and that [he] is a proper plaintiff to raise the issues sought to be litigated." See id.

Here, in his letters, plaintiff complained about the conduct of "Redwood's attorneys," which conduct allegedly occurred in the course of In re Jackson, a bankruptcy court proceeding. Plaintiff does not allege, however, that he was a party to such proceeding, or that he incurred any injury by reason of the false statements of which he complains in his letters. Under such circumstances, plaintiff has failed to allege any facts to support a finding that he is a "proper plaintiff" to raise the question of whether disciplinary proceedings should be instituted against Redwood's attorneys. See id.

Moreover, even assuming plaintiff could assert he was injured in some manner by the conduct of those attorneys, a "private citizen," such as plaintiff, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another," see id. at 619, and,

---

[4]Plaintiff also asserts that the alleged failure to respond to his complaint of attorney misconduct deprived him of his Fifth Amendment rights. (See FAC at 7:16.) Although the facts alleged in support of such claim are not clearly identified, the Court understands plaintiff to be asserting he has a procedural right to receive a response.

4

consequently, plaintiff lacks standing to challenge the Standing Committee's alleged "failure to consider his complaints" of misconduct, see Carr v. Reed, 316 Fed. Appx. 588, 589 (9th Cir. 2009) (holding plaintiff "lacked standing to challenge the Commission on Judicial Conduct's alleged failure to consider his complaints against judges and justices") (citing Linda R.S., 410 U.S. at 619).

Accordingly, plaintiff will be directed to show cause why Claim 3 should not be dismissed without leave to amend.

## CONCLUSION

For the reasons stated above, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than August 17, 2018, why his First Amended Complaint should not be dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: July 31, 2018

MAXINE M. CHESNEY
United States District Judge