United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOM JENSEN,
    Plaintiff,

v.

JUDGE HANNAH L. BLUMENSTIEL, U.S. Bankruptcy Court, Northern District of California, et al.,
    Defendants.

Case No. 18-cv-04114-MMC

**ORDER DISMISSING FIRST AMENDED COMPLAINT; AFFORDING PLAINTIFF LIMITED LEAVE TO AMEND**

By order filed July 31, 2018, the Court directed plaintiff Tom Jensen to show cause why the operative complaint, the First Amended Complaint ("FAC"), should not be dismissed. Before the Court is plaintiff's Response, filed August 3, 2018, as well as two addendums thereto, filed, respectively, August 6, 2018, and August 17, 2018. The Court having read and considered plaintiff's filings, the stay of proceedings issued July 31, 2018, is hereby LIFTED, and the Court hereby rules as follows.

The FAC consists of three Claims, each based on a claim that plaintiff's federal constitutional rights have been violated. In Claims 1 and 2, plaintiff seeks, respectively, declaratory relief and injunctive relief, in each instance against Bankruptcy Judge Hannah L. Blumenstiel, based on plaintiff's allegation that his First Amendment rights were violated when he sought to attend a hearing in In re Schwartz, a "disciplinary proceeding" pending before Judge Blumenstiel, but was required to leave the courtroom when she ruled the proceeding was closed to the public. (See FAC ¶¶ 8, 15, 27, 29.) In Claim 3, plaintiff seeks injunctive relief against District Judge James Donato and Miles Ehrlich, the Chairman of the Standing Committee on Professional Conduct, based on plaintiff's

1   allegation that his First Amendment rights were violated when they did not respond to a
2   "complaint of attorney misconduct" he sent them. (See FAC ¶¶ 34-35.) In its order to
3   show cause, the Court directed plaintiff to show cause why Claims 1 and 2 were not
4   subject to dismissal on the ground that Judge Blumenstiel is entitled to absolute judicial
5   immunity and why Claim 3 was not subject to dismissal for lack of standing.

6   Plaintiff does not address Claim 3 in his Response or in either addendum thereto.
7   Accordingly, for the reasons stated in its July 31 order, the Court finds plaintiff
8   lacks standing to bring Claim 3, and Claim 3 is subject to dismissal.

9   With respect to Claims 1 and 2, plaintiff argues Judge Blumenstiel is not entitled to
10  judicial immunity for the asserted reason that Mullis v. U.S. Bankruptcy Court, 828 F.2d
11  1385 (9th Cir. 1997), cited by the Court in its order to show cause, is distinguishable.[1]
12  The Court disagrees. In Mullis, the Ninth Circuit held that a bankruptcy judge, who was
13  alleged to have violated the plaintiff's First Amendment rights, was entitled to absolute
14  judicial immunity from claims for injunctive and declaratory relief, for the reason that the
15  claims were based on the judge's performance of "judicial acts." See id. at 1388, 1394.
16  As plaintiff's claims against Judge Blumenstiel are solely based on court rulings she is
17  alleged to have made, Mullis bars Claims 1 and 2 and is not distinguishable. Further,
18  contrary to plaintiff's argument, he does not, if unable to pursue a civil rights deprivation
19  case against Judge Blumenstiel, lack a remedy to seek relief from the order closing the
20  subject disciplinary proceeding to the public. Rather, plaintiff may seek review of the
21  court ruling by using the "carefully structured procedures" created by Congress, such as
22  by "petitioning for [an] extraordinary writ[ ]," see id. at 1394; see, e.g., Phoenix
23  Newspapers, Inc. v. U.S. District Court, 156 F.3d 940 (9th Cir. 1987) (considering merits
24  of petition for writ of mandamus filed by members of press who sought access to sealed

---

[1] Plaintiff also argues that the Ninth Circuit incorrectly decided Mullis. and, consequently, the Court should not follow it. This Court, however, is bound by Mullis. See Hart v. Massanari, 266 F.3d 1155, 1170-71 (9th Cir. 2001) (holding "[b]inding authority must be followed unless and until overruled by a body component to do so"; further holding "circuit law . . . binds all courts within a particular circuit").

2

transcripts of hearings conducted in federal case), for example, by filing with the district court, in <u>In re Schwartz</u>, Case No. 18-00302, a petition for a writ of mandamus.

Accordingly, for the reasons stated above and in its July 31 order, the Court finds Judge Blumenstiel is entitled to absolute judicial immunity, and Claims 1 and 2 are subject to dismissal.

## CONCLUSION

Plaintiff's FAC is hereby DISMISSED and plaintiff is hereby afforded leave to amend to allege, if he can do so, a viable claim arising from the events described in the FAC. Any such Second Amended Complaint shall be filed no later than September 14, 2018.

**IT IS SO ORDERED.**

Dated: August 27, 2018

MAXINE M. CHESNEY
United States District Judge